



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 13-145 |
| v. | * | SECTION: "R" |
| PRAVEEN KAILAS | * | |
| | * | |

    *    *    *

### FACTUAL BASIS

If this case were to proceed to trial, the United States would prove beyond a reasonable doubt, through credible testimony and reliable evidence, the following facts:

Beginning at a time unknown, but no later than June 6, 2011 and continuing to present, the Department of Housing and Urban Development ("HUD"), an agency or department of the United States, funded The Small Rental Property Program ("SRPP") which is a component of the Louisiana Road Home Program to provide monetary assistance to property owners to repair their small scale rental properties damaged by Hurricanes Katrina or Rita. In order to receive the grant, the small rental property owner had to agree to make the renovated rental units available to moderate to low-income tenants for a period of years. HUD provided the State of Louisiana Office of Community Development with federal funds to administer the SRPP. The State of Louisiana in turn subcontracted with private entities to oversee the administration of the SRPP, including the renovation of the properties.

Beginning no later than June 6, 2011, to the present the State of Louisiana Office of Community Development contracted with several entities to assist it in implementing and administering the SRPP, but HUD maintained authority to audit and supervise the federal funds spent by the State and its subcontractors. One of the state contractors subcontracted the construction monitoring aspect of the SRPP to Lago Construction, L.L.C. Another state contractor subcontracted to an entity which then subcontracted the construction monitoring aspect of the SRPP to Lago Construction, L.L.C.

Lago Construction, L.L.C., is a Louisiana company located at 3525 N. Causeway Blvd., Metairie, Louisiana. The defendant, **PRAVEEN KAILAS**, is an owner and member of Lago Construction, L.L.C., which is a closely-held corporation. Lago's first contract for SRPP construction monitoring was executed on or about June 6, 2011. The second contract was dated September 28, 2011, and executed by Lago on or about October 24, 2011. The third contract was dated July 20, 2011, and executed by Lago on August 2, 2011. The fourth contract was dated February 1, 2012, and executed by Lago on August 20, 2012, the effective date, and continues to present.

From on or about June 6, 2011, through on or about November 16, 2012, the defendant, **PRAVEEN KAILAS**, and others approved timesheets overstating the amount of hours individuals worked on SRPP related activities. These timesheets were submitted for payment and paid from federal funds. The theft of federal funds designated for SRPP administration began from the inception of Lago Construction, L.L.C.'s subcontract on or about June 6, 2011, when one of the Lago Construction, L.L.C., stakeholders was billed for working on the

subcontract 40 hours each week, but did not spend 40 hours each week performing SRPP construction monitoring services or any other administrative services.

Then on or about December 1, 2011, Mr. "A," a Lago Construction, L.LC. construction monitor, was asked by another stakeholder of Lago Construction, L.L.C., to be the construction manager for Cajun Elevation and Shoring, L.L.C., but timesheets submitted on behalf of Lago Construction, L.L.C., to the SRPP contractor each week after this date indicated that Mr. "A" was still working between 22 and 40 hours a week for SRPP.

On or about September 28, 2011, the defendant, **PRAVEEN KAILAS**, partnered with stakeholders of other companies to create the winning bid for the second contract for SRPP construction monitoring. At trial, documents would be presented to show that the second subcontract increased the number of individuals Lago Construction, L.L.C., could hire to be construction monitors and administrative personnel. From February 1, 2012, until on or about June 30, 2012, the average number of monitoring visits performed by Lago Construction, L.L.C., did not substantially increase. As a result, some SRPP construction monitors went weeks at a time without performing a single monitoring visit. The defendant, **PRAVEEN KAILAS**, admits that he and other stakeholders of Lago Construction, L.L.C., solicited monitors to work on the construction of a home they owned in New Orleans, Louisiana, and/or to work at other companies owned and operated by them. Hours that these monitors spent on other projects for the defendant, **PRAVEEN KAILAS**, and other stakeholders of Lago Construction, L.L.C., were not deducted from the hours that were billed to the SRPP contract nor were the monitors paid separately for the work they performed on other projects. The defendant, **PRAVEEN KAILAS**, and Lago Construction, L.L.C., were paid from federal dollars for these monitors as if they had spent all the

hours they billed each week performing services related to the SRPP. On or about July 1, 2012, the defendant, **PRAVEEN KAILAS**, entered into a task order with the State's contractor wherein he could hire two additional construction monitors. The defendant, **PRAVEEN KAILAS**, admits that from June 6, 2011, until on or about November 16, 2012, there were six (6) individuals whose hours were overbilled.

The government and the defendant, **PRAVEEN KAILAS**, agree that his criminal conduct resulted in the theft of funds from the Department Housing and Urban Development of not more than $236,000.00, and that defendant shall make restitution to the Department of Housing and Urban Development as determined by the Court.

**READ AND APPROVED:**

_____
EMILY K. GREENFIELD (LA 28587)
Assistant United States Attorney

_____
PRAVEEN KAILAS
Defendant

_____
WALTER BECKER (LA 01685)
Defense Counsel for Praveen Kailas

6/24/13
Date

4